| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | HEARING DATE: November 16, 2022 |
| EASTERN DISTRICT OF NEW YORK | HEARING TIME: 10:00 A.M. |

-----------------------------------------------------------x
IN RE:

    53 Glenmere Corp,                                      CASE NO.: 22-42561 (JMM)

                                       Debtor.              CHAPTER 11

-----------------------------------------------------------x

**MOTION OF THE UNITED STATES TRUSTEE TO STRIKE DESIGNATION AS SUBCHAPTER V DEBTOR PURSUANT TO BANKRUPTCY RULE 1020 AND DISMISSAL OF THE DEBTOR'S BANKRUPTCY CASE**

TO: THE HONORABLE JIL MAZER-MARINO,
     UNITED STATES BANKRUPTCY JUDGE:

       William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") hereby moves this Court for an order striking 53 Glenmere Corp.'s (the "Debtor") designation as a subchapter V debtor in the above-referenced case pursuant to Fed. R. Bankr. P. 1020 and for dismissal of the Debtor's bankruptcy case (the "Motion"). By this Motion, the United States Trustee states as follows:

## INTRODUCTION

       The United States Trustee objects to the Debtor's designation as a subchapter V debtor because the Debtor is not eligible under subchapter V. The Debtor designated itself as a "Single Asset Real Estate" entity ("SARE") on the Petition. The Debtor also indicated that it has estimated assets in an amount between $50,000 to $100,000, and estimated liabilities in an amount between $50,000 to $100,000.[1] A Debtor cannot be eligible for subchapter V eligibility if it is a SARE Debtor.

       In addition, the Court should dismiss this chapter 11 case because the Debtor has proven that it is unable or unwilling to properly conduct itself as a debtor-in-possession. The Debtor

---

[1] To date, the Debtor has failed to file schedules and a statement of financial affairs. See Docket.

1

filed its chapter 11 case pro se and has not filed an application to retain counsel. Therefore, the Court should strike the Debtor's designation as a subchapter V debtor and dismiss the Debtor's Chapter 11 case.

## FACTS

**A.    Procedural Background**

1. On October 14, 2022 (the "Filing Date"), the Debtor commenced this case *pro se* as a non-individual debtor, electing itself as a subchapter V small business debtor under chapter 11 of the Bankruptcy Code. See ECF Doc. No. 1. The Debtor designated itself as a SARE Debtor. Id.

2. On October 18, 2022, the United States Trustee appointed Salvatore LaMonica, Esq. (the "Trustee") as the subchapter V trustee in the bankruptcy case. See ECF Doc. No. 9.

**B.    Debtor's Assets and Liabilities**

3. According to the Petition, the Debtor has estimated assets in an amount between $50,000 to $100,000, and has estimated liabilities in an amount between $50,000 to $100,000. ECF Doc. No. 5, Refiled Petition.

4. The Debtor failed to file schedules and a statement of financial affairs. See Docket.

## DISCUSSION

**A.    Eligibility for Subchapter V.**

The Small Business Reorganization Act of 2019 ("SBRA"), otherwise known as "subchapter V", was enacted on August 23, 2019, and created a new avenue of relief for certain chapter 11 debtors. *See* SBRA, H.R. Rep. No. 3311, 116th Cong. § 2 (2019). Only small

business debtors below a certain debt threshold are eligible for subchapter V. <u>Id.</u> Under 11 U.S.C. § 1182(1)(A), a 'small business debtor' is defined as:

> (1) Debtor.—The term "debtor"—
>
> (A) subject to subparagraph (B), means a person engaged in commercial or business activities (including any affiliate of such person that is also a debtor under this title and *excluding a person whose primary activity is the business of owning single asset real estate)* that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor . . .

11 U.S.C. § 101(51D) (emphasis added).

**B.      The Debtor is Ineligible for Subchapter V Relief Because it is a SARE.**

"Single asset real estate" is defined in the Bankruptcy Code as a single property or project that generates substantially all of the debtor's gross income. 11 U.S.C. § 101(51B). A SARE debtor is required to check the appropriate box on the official Chapter 11 bankruptcy petition (Official Bankruptcy Form B 201). A debtor cannot be both a "small business debtor" and a SARE debtor. <u>See</u> 11 U.S.C. § 101(51D). In this case, the Debtor designated itself as a SARE case on its Petition. ECF Doc. No. 5. Since the Debtor is a SARE entity, it is therefore ineligible to proceed under Subchapter V. <u>See</u> 11 U.S.C. § 1182(A)(1); <u>see also</u> ECF Doc. No. 1.

**C.      The Debtor Failed to Obtain Counsel.**

The Debtor, a corporation, filed its case pro se and did not file an application to retain counsel. <u>See</u> Refiled Petition, ECF Doc. No. 5. "It has been the law for the better half of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) (citing <u>Osborn v. President of Bank of U.S.</u>, 22 U.S. (9 Wheat.) 738, 828-29 (1824)). This rule applies to corporations,

partnerships, joint ventures, or other legal entities filing bankruptcy cases under Title 11 of the United States Code.  See e.g., Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.), 585 F.2d 7, 13 (1st Cir. 1978) (applying rule to corporate debtor).  Thus, the Debtor cannot proceed with its chapter 11 case in bankruptcy court without counsel.

## IV. NOTICE

The United States Trustee will serve the Notice of Motion and Motion upon the Debtor and all parties in the case.  The United States Trustee respectfully requests that this be deemed good and sufficient notice of the motion and the hearing scheduled herein, and that no other further notice is necessary or required.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court (1) strike the Debtor's election to proceed under Subchapter V because the Debtor is a SARE debtor, (2) dismiss the Debtor's chapter 11 case, and (3) grant such other and further relief as it deems just and proper.

Dated:   Brooklyn, New York
         October 19, 2022

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE, REGION 2

                              By:    /s/ Rachel Wolf
                                     Rachel Wolf, Esq.
                                     Trial Attorney
                                     201 Varick Street, Suite 1006
                                     New York, New York 10014
                                     Tel. No. (212) 206-2580
                                     Rachel.Wolf@usdoj.gov